### In the Matter of ARAWAK TRUST COMPANY (CAYMAN) LTD.

#### Civ. No. 80 0416.

United States District Court,
E. D. New York.

May 1, 1980.

---

Edward R. Korman, U. S. Atty., Thomas P. Puccio, Attorney-in-Charge, U. S. Dept. of Justice, Organized Crime Strike Force, Brooklyn, N. Y. (James D. Harman, Asst. Attorney-in-Charge, of counsel), for plaintiff.

Robert Kasanof and Bart M. Schwartz, New York City (Robert Kasanof, New York City, of counsel), for Arawak Trust Co., Ltd.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The government seeks an order holding Arawak Trust Company (Cayman), Ltd. ("Arawak") in contempt for disobeying grand jury subpoenas *duces tecum.* Arawak is a corporation organized under the laws of the Cayman Islands, British West Indies, to provide trust and banking services.

The subpoenas, served in New York on Marine Midland Overseas Corporation, owner of 28% of Arawak's stock, on one of Arawak's directors, and on one of its former directors, sought production before the grand jury on February 14, 1980 of documents in Arawak's possession regarding the accounts of two Cayman corporations. The grand jury is said to be attempting to determine whether "kickbacks" to officials of the Central States Fund of the Teamsters Union were laundered through Arawak as part of a scheme to defraud the Fund. No documents were produced on the return date, and no motion was made to quash the subpoenas.

Arawak has appeared specially to assert that the court has no jurisdiction over it and thus no authority to entertain the application.

According to the affidavits submitted by the government Arawak does not have an office in the United States; nor does it hold itself out as transacting business here. No claim is made that Arawak has any significant amount of real estate or securities in the United States, although the government suggests that Arawak held some mortgage interests here for a few months in 1974. However, Arawak does have a correspondent banking relationship with Brown, Brothers, Harriman & Co. through which it transfers funds throughout the world for its own account and for the accounts of its customers. As part of this relationship, Arawak maintains a banking account with Brown, Brothers in New York through which cashiers checks have been drawn and charged to the account, payable to payees designated by Arawak. For the year 1977, Arawak had 722 transactions through Brown, Brothers, of a total value of $22,345,000, in 1978, 740 transactions of a total value of $34,346,000, and in 1979, 631 transactions of a total value of $3,716,000.

Jurisdiction is based on power. The United States has power over persons and things within its borders, and can therefore exercise jurisdiction over them, unless the Constitution forbids or unless Congress has chosen not to confer the power on the legislative or judicial arm.

■ This court need not consider whether the Constitution prohibits enforcement of the subpoena against Arawak, because the court believes that Congress has not authorized the court to exercise jurisdiction over Arawak. *Cf. Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974 (2d Cir. 1974), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975); *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326 (2d Cir. 1972) (the Securities Exchange Act extended personal jurisdiction to the full reach permitted by the due process clause). Thus, we may assume for purposes of argument that the Constitution does not prevent Congress from going so far as to require any foreign corporation transmitting funds to this country to provide, on proper notice, pertinent information held outside of the country to a grand jury, on pain of having those assets proceeded against if the corporation fails to comply.

■ The grand jury's power extends no further than that of the court of which it is an arm. *Levine v. United States,* 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960). The government argues that Congress gave this court *in personam* jurisdiction over Arawak, without regard to the nature and extent of its contacts here, by passing 18 U.S.C. § 3332, part of the Organized Crime Control Act, providing that a special grand jury shall have the duty "to inquire into offenses against the criminal laws of the United States alleged to have been committed" within the district. But neither this language nor anything in the extensive legislative history of the act, *U.S.Code Cong. and Admin.News,* 1970, pp. 4007–4091, suggests a purpose to deal with the court's power to subject a person to compulsory process. Jurisdiction over Arawak must be sought elsewhere.

■ There is no explicit legislation reciting that a natural or corporate person "in" the jurisdiction of a federal court is subject to a subpoena. But such a power, indispensable to the court's functioning, is implicit in Congress' creation of the district courts and its grant of original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231. Rule 17(e) of the Federal Rules of Criminal Procedure, which has Congressional sanction, 18 U.S.C. §§ 3771, 3772, assumes that the court has such power. That Rule, headed "Place of Service" provides as follows:

(1) In United States. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the United States.

(2) Abroad. A subpoena directed to a witness in a foreign country shall issue under the circumstances and in the manner and be served as provided in Title 28, U.S.C., § 1783.

Subdivision (1) of Rule 17(e) plainly contemplates that the witness to be served is "in" the United States because subdivision (2) provides for service on a witness "in a foreign country."

If Arawak is a "witness" and its activities are such that it should be deemed subject to a subpoena as "in" the United States, Arawak may be served under Rule 17(e)(1). The court does not reach the questions of whether Arawak is a "witness" or whether service was made on the appropriate corporate representatives.

Arawak argues that a foreign corporation is not "in" the United States unless the nature and extent of its business here are sufficient to make it a "resident" of this country within the meaning of 28 U.S.C. §§ 1781–1784. Section 1783, to which Rule 17(e)(2) refers, provides that a court of the United States may order the issuance of a subpoena requiring "the appearance as a witness" of "a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him." Under Section 1784 a court which has issued such a subpoena served in a foreign country may order "the person" who has failed to appear or produce a document to show cause why he should not be punished for contempt and may direct that his property be seized and held to satisfy any judgment rendered against him for a fine not exceeding $100,-000 plus the costs of the proceeding, in the event he is found in contempt.

■ Arawak contends that this legislation should be read impliedly to restrict the court's power to subpoena foreign corporations to those which are "resident" here. But a corporation may be "in" more than one country and the fact that it is organized or has its main place of business in one country does not mean that it cannot be "in" another country. It is not reasonable to impute to Congress a purpose to immunize from process non-resident foreign corporations conducting substantial and continuing activities here. The purpose of the legislation was rather to provide a means to make service on nationals or residents of this country who were physically outside it.

■ The question thus is whether Congress by its general grant of jurisdiction over offenses against United States law, 18 U.S.C. § 3231, authorized this court to treat Arawak, by reason of its activities here, as "in" the United States for purposes of service of the subpoena. Given the international implications likely to arise, cf. *United States v. Aluminum Co. of America*, 148 F.2d 416, 443 (2d Cir. 1945), from an effort to subject Arawak to a subpoena merely because it transfers funds and maintains a bank account here, the court is not disposed to hold that it is empowered to do so.

Without deciding that they mark the boundaries of Congress' constitutional power, the court imputes to Congress a purpose to limit the court's personal jurisdiction to subpoena a foreign corporation to the kind of circumstances discussed in *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Compare* the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1605–1607. To be sure, this case involves some interests different from those at stake in the *International Shoe* case. There the concern was with the "reasonableness", in the context of our federal system, of requiring a person in one state to defend a civil suit brought in another state. Here the interest in criminal investigations and the interest in international commerce are chiefly concerned.

Doubtless the use of foreign corporations to facilitate federal crime is not to be encouraged. On the other hand it is desirable to maintain the United States as a center for commerce throughout the world. Since the relations of this country with rest of the world are involved, it is appropriate that Congress and not a court should resolve the conflicting considerations. If the criteria for subpoenaing a foreign corporation before a grand jury are to be less stringent than those applicable to a civil summons, Congress should make that judgment. It has not explicitly done so. This court will therefore presume that a foreign corporation is "in" the United States for purposes of service of a grand jury subpoena only to the extent that it would be subject to comparable civil process.

The government does not claim that Arawak is a target of the grand jury investigation or that any act by Arawak has violated the United States criminal laws. Thus, comparable civil jurisdiction over Arawak could not be based on a specific act. Nor has the mere maintenance of a bank account or the transfer of funds in and out of that account been deemed sufficient in a civil action to subject a foreign corporation to *in personam* jurisdiction.

The court holds that Arawak is not subject to the grand jury subpoenas. It is not necessary to consider the other contentions urged by the parties. The motion is denied. So ordered.